[Crim. No. 1691.   Second Appellate District, Division One.—October
19, 1928.]

THE PEOPLE, Respondent, v. EDMUND B. GORMAN
et al., Defendants; ABRAHAM KIRSCH, Appellant.

Joseph W. Ryan and Samuel Horowitz for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction on each of two counts of embezzlement, and from an order denying his motion for a new trial.

The first point presented by appellant is to the effect that the evidence was insufficient to support the verdict. While an examination of the transcript discloses the fact that the evidence was not as clear as might have been desired, nevertheless sufficient is therein contained from which the jury was warranted in deducing therefrom the following conclusions, to wit: Defendant was the vice-president and assistant secretary of the Amalgamated Metals Corporation, which, among other things, was engaged in the business of buying junk or scrap metal. Among the persons from whom junk was purchased were two brothers named Koplowitz. Some trouble with the police department having arisen concerning the method of purchasing junk from individuals other than licensed dealers, the account of the Koplowitz brothers, who were peddlers of junk, was changed on the books of the Amalgamated Metals Corporation so that said account was carried under the fictitious name of C. Bronson, and thereafter as payments became due for junk delivered to the Amalgamated Metals Corporation by the Koplowitz brothers, checks were drawn in favor of C. Bronson. As vice-president of the corporation, defendant exercised his authority to control the manner in which such account should be handled. He also gave directions to various employees of the corporation with reference to making out credit slips which represented the weight of junk received from "C. Bronson" and the price to be paid therefor. Although not without conflict, the evidence showed that by the order of defendant, on each of the occasions charged in the information, the C. Bronson account was credited in specified amounts which represented the delivery to the corporation of junk which in fact was never received by the corporation. Thereafter checks were issued by the corporation in favor of C. Bronson in payment of the several amounts credited

to such account, which checks were ostensibly cashed by the payee thereof. According to the admission of defendant, the money derived from the payment of such checks was eventually received by him and appropriated to his own use. In such assumed circumstances it is clear that the *corpus delicti* was established and that the evidence was sufficient to support the verdict.

Appellant also urges that a variance existed as between the allegations contained in the information and the "proof," in that the embezzlement as charged in the information was as of so much money, whereas the evidence showed that if guilty at all, the offense consisted in the embezzlement of a check. But, as hereinbefore stated, the evidence was sufficient to justify the conclusion that by means and methods designed and adopted by defendant, certain specified moneys belonging to the corporation, which in fact were within the custody and control of defendant or had been entrusted to him by the corporation, were fraudulently appropriated by defendant to his own use and benefit—from which it results that the contention of defendant in this regard cannot be sustained.

Appellant also complains that prejudicial error was committed by the trial court in that on the trial of the action, over the objection of defendant, the prosecution was allowed to introduce evidence which it was claimed tended to prove the commission by defendant of two other certain embezzlements, neither of which was charged in the information against defendant, and as to which, as conceded by the deputy district attorney in charge of the prosecution, the proof failed.

In the case of *People* v. *Frank*, 28 Cal. 507, it is held, generally, but with some explanation, that on a prosecution of the defendant on a charge of uttering a forged indorsement on a draft, evidence of other forgeries claimed to have been committed by the defendant were admissible against him, notwithstanding the fact that, as to such other alleged forgeries, the defendant had theretofore stood trial and been acquitted of the commission of such offenses.

In connection with such claim of prejudicial error arising from the admission of evidence relating to other similar offenses alleged to have been committed by defendant, the record herein discloses the fact that by the terms of the

information on which defendant was prosecuted he was charged with the commission of ten separate offenses, of which five were for embezzlement and the remaining five were for grand larceny based upon the identical facts which constituted the foundation for the several charges of embezzlement; and that after evidence had been introduced relating to such charges of embezzlement and grand larceny the charges as to grand larceny were dismissed—leaving intact the charges as to five separate embezzlements by defendant, and as to each of which evidence was introduced by the prosecution. It further appears that defendant was acquitted as to three of such embezzlement charges and convicted on two of them. Having failed to secure the conviction of defendant on either of such three charges of embezzlement, it is clear that, so far as affects the two charges of embezzlement on which defendant was convicted, each of the three unsustained charges stands on the same footing as each of the other alleged embezzlements as to which the proof failed and as to the introduction of evidence relating thereto the appellant now complains. The extension of the principle for which appellant contends would inevitably lead to the result that in every case in which two or more embezzlements were charged and wherein the proof failed as to any one or more of them, if defendant were convicted as to any of the others he would be entitled to a new trial as to such offenses of which he was convicted, because, forsooth, the prosecution had prejudiced the defense by injecting into the case a *suspicion* that the defendant was guilty of some other offense, when as a matter of fact, as to such crime, he was altogether innocent. As a result of such a rule, in the service of public interest and financial economy, no prosecution would ever be had wherein a defendant was charged with the commission of more than one offense, because, ordinarily, no prosecuting officer would feel justified in taking the chances of a mistrial which necessarily would be involved where two or more offenses were charged in the same information or indictment.

However, on the one hand, it is apparent that if on the trial of a criminal action a prosecuting attorney be permitted to promiscuously and indiscriminately present for the consideration of the jury various and sundry scraps of evidence which utterly fail to make out even a *prima facie* case as

to an offense similar in its nature to that for the commission of which the defendant is on trial, but which merely have the effect of casting a suspicion upon him, the defendant necessarily will be placed at a considerable disadvantage, if not seriously prejudiced, as to his defense. On the other hand, it should be remembered that the law is not an exact science; that facts are at least difficult, if not impossible, of demonstration; and that lawyers and judges often differ one from the other in their interpretation of the law, just as members of the jury may likewise differ in their conclusions on the ultimate facts. If, for example, in a proper case, a prosecuting attorney should attempt the presentation of facts which in his judgment were sufficient to establish the prior commission by the defendant of an offense similar to that of which the defendant may stand charged, but with such conclusion as to the law the trial judge be not in accord; or that at a critical point in the proposed chain of evidence, by reason of some unforeseen happening an indispensable witness either should fail to appear at the trial or to give the anticipated testimony, should it necessarily and inevitably follow that a mistrial should result? It is manifest that human frailty and the ideal administration of justice are often in conflict and that perfection cannot be attained. All that reasonably may be expected is an approximation. The modern tendency is that if in good faith errors of judgment be committed—if they be not too serious in their probable effect—they should be overlooked or condoned. No rule may be formulated which in all cases will be an infallible guide to justice. The determination of a question such as is here presented must depend largely upon the surrounding circumstances. In the instant case no suggestion is made regarding bad faith in the prosecuting officer, and the situation as presented was undoubtedly attributable to an error in judgment. Concretely, as disclosed by the reporter's transcript of the evidence, each of the two questioned transactions was entirely regular and not properly subject to adverse criticism from either an ethical or a legal standpoint. In fact, so far as the jury was concerned, it is readily conceivable that the questioned evidence but redounded to the credit of the business sagacity of defendant, and that the failure of the prosecution to "make good" on its claim of the commission by defendant of other similar

offenses, operated as a boomerang so that in the eyes of the jury the defendant became an innocent, persecuted individual, rather than some person standing trial on a charge properly preferred against him in good faith. In any event, the only disadvantage which may have accrued to defendant was at the outset, arising from a possible suspicion in the minds of the members of the jury of fraudulent or criminal dealing, engendered by what might be termed the unfounded claim made by the prosecuting attorney regarding the previous similar offense or offenses committed by defendant. But with the combined declarations of the attorneys for defendant and the prosecuting attorney, and finally with the official declaration by the judge of the trial court, in substance that the evidence was wholly insufficient to establish the commission by defendant of any other previous offense, the ultimate prejudicial effect of the incident was negligible so far as concerned honorable traits of character in defendant. So viewed, and especially in consideration of the provisions of section 4½ of article VI of the constitution, the point is not available as a reason for a reversal of the judgment.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.